United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAKIYAH LUMONT KIYOI,<br><br>Plaintiff,<br><br>v.<br><br>NXP SEMICONDUCTORS, et al.,<br><br>Defendants. | Case No.  26-cv-03655-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; SCREENING COMPLAINT; AND DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND**<br><br>[Re:  ECF Nos. 1, 3] |

Before the Court is Plaintiff Makiyah Lumont Kiyoi's motion for leave to proceed *in forma pauperis* ("IFP").  ECF No. 3.  For the reasons set forth below, Plaintiff's IFP application is GRANTED and the complaint is DISMISSED IN PART WITH LEAVE TO AMEND.

**I.    BACKGROUND**

This civil rights action arises out of an allegedly unlawful search of Plaintiff's room. According to the allegations in the complaint, on March 7, 2025, two San Jose Police Department Officers, Defendants Officer Montez (#5034) and Officer Reed (#4945), responded to a report of felony vandalism at Defendant NXP Semiconductors ("NXP").  ECF No. 1 ("Compl.") ¶ 12.  NXP identified Plaintiff as the suspect because a white scooter with a black top matched one Plaintiff had previously used.  *Id.* ¶ 13.  NXP provided the Officers with Plaintiff's address, showed them the camera footage, and offered background information regarding Plaintiff's previous employment with NXP security and existing workplace restraining order.  *Id.* ¶ 13.  The Officers went to Plaintiff's address for a "knock and talk," where they spoke with Plaintiff's landlord's boyfriend, David Kern.  *Id.* ¶¶ 14–15.  Mr. Kern consented to the Officer's looking inside Plaintiff's room, where, according to Plaintiff, they crossed the threshold of the room absent a

warrant, probable cause, or Plaintiff's consent. *Id.* ¶¶ 15–16. Plaintiff alleges that the Officers "conducted a visual search and seizure of [his] personal effects and living space," including observing his white scooter. *Id.* ¶ 16. Plaintiff states that in related criminal proceedings, the Santa Clara District Attorney "conceded" a motion to suppress evidence obtained from this allegedly illegal detention, arrest, search, and seizure, "confirming that the warrantless conduct violated Plaintiff's Fourth Amendment Rights." *Id.* ¶ 17.

Plaintiff brings six claims: (1) a 42 U.S.C. § 1983 claim for violation of his Fourth Amendment rights due to illegal detention, arrest, search, and seizure; (2) trespass to land and chattels; (3) invasion of privacy (intrusion upon seclusion); (4) intentional infliction of emotional distress; (5) negligence; and (6) violation of the Bane Act (Cal. Civ. Code § 52.1). *Id.* ¶¶ 21–39. Plaintiff names eight defendants: (i) NXP; (ii) Elinor Gagante, NXP's building manager; (iii) Dan Porter, NXP's head of security; (iv) Garda World Security ("Garda World"), a corporation that provides security services at NXP; (v) Tara Grady, a human resources manager for Garda World; (vi) Miguel Lomelli, a security supervisor at Garda World; (vii) Officer Montez; and (viii) Officer Reed. *Id.* ¶¶ 4–11. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, injunctive relief, a declaratory judgment, and pre- and post-judgment interest. *Id.* at Prayer for Relief.

## II.   LEGAL STANDARD

IFP applications are governed by 28 U.S.C. § 1915, which provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a).

When a district court grants IFP status, it must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ.

United States District Court
Northern District of California

2

P. 4(c)(3). The Court will screen Plaintiff's complaint and order service only if the Court determines that the complaint survives initial screening.

The IFP statute accords district judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328; see also Andrews v. King, 398 F.3d 1113, 1118 (9th Cir. 2005).  A complaint that does not state enough facts to state a claim to relief that is plausible on its face is deficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.   DISCUSSION

As a threshold matter, the Court is satisfied that IFP status is warranted based on Plaintiff's affidavit describing his lack of financial resources.  Accordingly, Plaintiff's application to proceed IFP is GRANTED.  The Court thus turns to screening the complaint.

### A.   Government Claims Act

Before reaching the merits of Plaintiff's claims, the Court begins with Plaintiff's failure to allege compliance with the California Government Claims Act, which is required before Plaintiff may sue a public entity or its officers for tort violations and claims under state law.  The California Government Claims Act, California Government Code §§ 810 *et seq.*, provides that a plaintiff may not bring a suit for monetary damages against a public entity or employee unless the plaintiff first presented the claim to the public entity, and the entity acted on the claim, or failed to act on the claim before time expired.  In particular, California Government Code section 950.2 "provides that 'a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred' unless a timely claim has been filed against the employing public entity." *Fowler v. Howell*, 42 Cal. App. 4th 1746, 1750 (1996).  Indeed, compliance with this "claim presentation requirement" is an element of a cause of action for damages against a public entity or official.  *State v. Superior Ct.*, 32 Cal. 4th 1234, 1244

(2004).

Here, Plaintiff has not alleged facts that either demonstrate or excuse compliance with the Government Claims Act.  Thus, Plaintiff's Bane Act, invasion of privacy, intentional infliction of emotional distress, and negligence claims against the Officers are subject to dismissal.  *See Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 627 (9th Cir.1988); *see also Greene v. City of San Francisco*, No. 25-cv-06556-JCS, 2025 WL 2653644, at \*7 (N.D. Cal. Sept. 16, 2025).

### B.    Civil Rights Claims

#### 1.    Section 1983 (Claim 1)

As to the merits, the Court begins with Plaintiff's 42 U.S.C. § 1983 claim arising from the warrantless "visual search and seizure" of Plaintiff's room.  *See* Compl. ¶¶ 15–16, 21–24.  This claim is brought against the two Officers and the NXP Defendants and Garda World Defendants under a joint action theory.  Compl. ¶¶ 21–24.  To state a section 1983 claim, a plaintiff must allege that (1) a person violated a right secured by the Constitution or laws of the United States and (2) said person acted under the color of state law when they committed the alleged violation.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  While "private parties are not generally acting under color of state law," *Price v. State of Haw.*, 939 F.2d 702, 707–08 (9th Cir. 2011), "a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'"  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

Under the "low threshold for proceeding past the screening stage," *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), the Court finds that Plaintiff has stated a plausibly non-frivolous section1983 claim against the Officers, including because the District Attorney's office allegedly conceded a motion to suppress the fruits of the challenged conduct.  *See* Compl. ¶ 17.

However, Plaintiff's vague assertions regarding the NXP and Garda World Defendants do not satisfy the state action requirement.  The joint action test for state action is satisfied where "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting

United States District Court
Northern District of California

*Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002)).  This requirement can be met "either 'by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents.'"  *Id.* (quoting *Franklin*, 312 F.3d at 445).  Although Plaintiff alleges that the NXP and Garda World Defendants "acted jointly with state actors and thereby under color of state law," the complaint includes no facts that make this conclusion plausible.  *Id.* ¶ 24.  The allegation that the NXP and Garda World Defendants "direct[ed], request[ed], facilitate[ed], and actively participat[ed] in the detention, arrest, search, and seizure alongside or at the behest" of the Officers is not sufficient to transform Plaintiff's conclusion of law into a plausible inference of joint action.  Nor are the allegations that the NXP and Garda World Defendants provided the Officers with information sufficient to establish action under color of state law.  *See Manda v. Albin*, No. 19-cv-01947-EJD, 2019 WL 6311380, at *11 (N.D. Cal. Nov. 25, 2019) ("[T]he mere furnishing of information to police officers does not constitute a conspiracy or 'joint action' under color of state law.").  While the Court is mindful of Plaintiff's status as a *pro se* litigant and its concomitant obligation to construe the pleadings liberally, the complaint is utterly devoid of any factual allegations plausibly suggesting that the NXP and Garda World Defendants acted under color of state law with respect to the underlying alleged constitutional violation.  Accordingly, the section 1983 claim is subject to dismissal as to the NXP and Garda World Defendants with leave to amend to allege facts demonstrating that they were state actors.

### 2.    Bane Act (Claim 6)

The Bane Act punishes any "person or persons, whether or not acting under color of law, [who] interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state."  Cal Civ. Code § 52.1(a).  In order to state a claim under the Bane Act, a plaintiff must allege "(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion."  *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015).

Plaintiff's sixth cause of action is largely duplicative of his federal civil rights claim but additionally alleges that the predicate acts underlying those claims violated his rights under Article I, Section 13 of the California Constitution. Compl. ¶¶ 38–39. The claim is subject to dismissal because it does not plead threats, intimidation, or coercion. *See, e.g.*, *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1118 (E.D. Cal. 2012) ("Although a complaint need not use the statutory terms 'threats, intimidation, or coercion,' it must allege facts from which the presence of threats, intimidation, or coercion may be inferred.").

### C.    Tort Claims

#### 1.    Trespass to Land and Chattels (Claim 2)

Plaintiff asserts a trespass to land and chattels claim against the NXP and Garda World Defendants. Compl. ¶¶ 25–27. He alleges that he had "the exclusive right to possession and quiet enjoyment" of his room and possessions, and the NXP and Garda World Defendants intentionally entered, or directed others "to enter and interfere with his chattels." *Id.* ¶¶ 26–27. "[T]he tort of trespass to chattels allows recovery for interferences with possession of personal property." *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1350 (2003). "The essence of the cause of action for trespass is an unauthorized entry onto the land of another." *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1480 (1986). Nowhere does Plaintiff allege that the NXP or Garda World Defendants entered into Plaintiff's residence or directed law enforcement to do so. Instead, Plaintiff alleges only that the Officers went to Plaintiff's residence. Compl. ¶¶ 15–16. Thus, Plaintiff's trespass claim is subject to dismissal.

#### 2.    Invasion of Privacy (Intrusion Upon Seclusion) (Claim 3)

"To state a claim for intrusion upon seclusion under California common law, a plaintiff must plead that (1) a defendant 'intentionally intruded into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy,' and (2) the intrusion 'occurred in a manner highly offensive to a reasonable person.'" *In re Facebook, Inc. Intern. Tracking Litig*, 956 F.3d 589, 601 (9th Cir. 2020) (quoting *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009) (alterations omitted)). Here, Plaintiff alleges that all Defendants intentionally intruded upon Plaintiff's seclusion by unlawfully entering his room, where he possessed a reasonable

6

expectation of privacy.  Compl. ¶¶ 28–30.  Setting aside failure to allege compliance with the Government Claims Act, the Court finds that, at this early stage, Plaintiff has met the low threshold to plead an intrusion upon seclusion claim against the Officers.  But as there are no facts sufficient to illustrate that the NXP and Garda World Defendants went to his residence or directed the Officers to do so, the intrusion upon seclusion claim is subject to dismissal as to the NXP and Garda World Defendants.

### 3.    Intentional Infliction of Emotional Distress (Claim 4)

To state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must allege facts to sufficient to show "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'"  *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (quoting *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007)).  Here, Plaintiff asserts an IIED claim against all Defendants, alleging that their conduct "in orchestrating and executing the illegal detention, arrest, search, and seizure of Plaintiff's most private living space was extreme and outrageous, exceeding all bounds of decency in a civilized society."  Compl. ¶ 32.  As Plaintiff's fourth cause of action simply recites the elements of an IIED claim, it is subject to dismissal for failure to adduce any supporting factual allegations.

### 4.    Negligence (Claim 5)

To state a claim for negligence, a plaintiff "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages."  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003).  Plaintiff brings a negligence claim against all Defendants, asserting that they owed Plaintiff a duty of reasonable care with respect to his rights that they breached through the allegedly unlawful arrest, search, and seizure.  Compl. ¶¶ 34–36.  The Court finds that Plaintiff has failed to plead a cognizable basis for the alleged duty of care, and thus the negligence claim is subject to dismissal.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

7

(1) Plaintiff's application to proceed IFP, ECF No. 3, is GRANTED.

(2) Plaintiff's section 1983 claim is DISMISSED WITH LEAVE TO AMEND as to the NXP and Garda World Defendants.  Plaintiff's section 1983 claim against the Officer Defendants may proceed.

(3) Plaintiff's Bane Act, trespass to land and chattels, invasion of privacy, intentional infliction of emotional distress, and negligence claims are DISMISSED WITH LEAVE TO AMEND.

(4) Plaintiff SHALL file a first amended complaint within 30 days of the date of this Order, on or before **June 17, 2026.**

(5) No new claims or parties may be added without express leave of the Court. Amendment shall be limited to remedying the deficiencies identified in this Order.

Dated:  May 18, 2026

_____

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

8