**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAKIYAH LUMONT KIYOI, | Case No.  26-cv-03655-BLF |
| Plaintiff, | |
| v. | **ORDER SCREENING FIRST AMENDED COMPLAINT; AND ORDERING SERVICE** |
| NXP SEMICONDUCTORS, et al., | |
| Defendants. | [Re:  ECF No. 11] |

## I.   BACKGROUND

This civil rights action arises out of the allegedly unlawful search of Plaintiff Makiyah Lumont Kiyoi's residence.  On May 18, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and screened and dismissed the complaint in part with leave to amend. ECF No. 10.  Plaintiff filed the first amended complaint on May 28, 2026.  ECF No. 11 ("FAC").

Plaintiff brings a 42 U.S.C. § 1983 claim against Defendant NXP Semiconductors, Defendant Garda World Security, Defendant Officer Montez (#5034), and Defendant Officer Reed (#4945), and four state law claims against the Officers, namely trespass to land, invasion of privacy, intentional infliction of emotional distress, and violation of California Civil Code § 52.1. *See* FAC at 3–4.

## II.   LEGAL STANDARD

When a district court grants IFP status, it must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B).  If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ.

P. 4(c)(3).  The Court will screen Plaintiff's complaint and order service only if the Court determines that the complaint survives initial screening.

The IFP statute gives district judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  *Neitzke*, 490 U.S. at 328; *see also Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).

**III.   DISCUSSION**

Under the "low threshold for proceeding past the screening stage," *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), the Court concludes that the section 1983 claim meets the minimal standard necessary to survive screening.  The section 1983 claim may move forward as to each Defendant.

The state law claims, however, do not pass muster.  For one thing, Plaintiff does not allege a single fact in connection with his claims for trespass to land, invasion of privacy, intentional infliction of emotional distress, and violation of California Civil Code § 52.1—he lists only titles of claims.  *See* FAC at 4.  For another, in the prior screening order, the Court explained that Plaintiff's state law claims against the Officers were subject to dismissal because Plaintiff had "not alleged facts that either demonstrate or excuse compliance with the Government Claims Act." ECF No. 10 at 3–4.  California Government Code section 950.2 "provides that 'a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred' unless a timely claim has been filed against the employing public entity."  *Fowler v. Howell*, 42 Cal. App. 4th 1746, 1750 (1996).  As compliance with this "claim presentation requirement" is an element of a cause of action for damages against a public entity or official, *State v. Superior Ct.*, 32 Cal. 4th 1234, 1244 (2004), and as Plaintiff again has not alleged any facts demonstrating or excusing compliance with the Government Claims Act, each of Plaintiff's state law claims is subject to dismissal.  Plaintiff has had the opportunity and

United States District Court
Northern District of California

the guidance to add allegations and has not done so.  Nor has Plaintiff given any indication that such facts could be added.  Accordingly, the Court finds that further amendment would be futile, and the dismissal is without leave to amend.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's claims for trespass to land, invasion of privacy, intentional infliction of emotional distress, and violation of California Civil Code § 52.1 are DISMISSED WITHOUT LEAVE TO AMEND.

(2) Because Plaintiff no longer asserts claims against former Defendants Dan Porter, Elinor Gagante, Tara Grady, and Miguel Lomelli, the Clerk of the Court SHALL dismiss those parties from the docket.

(3) Plaintiff SHALL file addresses at which each Defendant may be served within one week of the date of this order.

(4) Upon receipt of Plaintiff's filing, the Clerk of the Court SHALL issue the summons. The U.S. Marshal for the Northern District of California SHALL serve, without prepayment of fees, a copy of the summons, first amended complaint, a waiver of service form, and this order upon Defendants.

Dated:  May 29, 2026

_____
BETH LABSON FREEMAN
United States District Judge

3