United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MAKIYAH LUMONT KIYOI,

Plaintiff,

v.

NXP SEMICONDUCTORS, et al.,

Defendants.

Case No. 26-cv-03655-BLF

**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY**

[Re: ECF No. 34]

Before the Court is Defendant Garda World Security Services of California, Inc.'s ("Garda World") motion to stay initial disclosures and discovery as to Garda World's pending resolution of its motion to dismiss the first amended complaint. ECF No. 34 ("MTS"). Plaintiff Makiyah Lumont Kiyoi filed an opposition. ECF No. 36 ("MTS Opp"). The Court finds this motion appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). After considering the moving and responding papers and the relevant record, the Court GRANTS Garda World's motion to stay discovery.

## I. BACKGROUND

Plaintiff commenced this action on May 13, 2026, alleging that Defendants improperly disclosed Plaintiff's information to the police, leading to a warrantless search of his residence. ECF No. 1 at 3–4. On May 26, 2026, Plaintiff filed a First Amended Complaint which narrowed the allegations against Defendants NXP USA, Inc. ("NXP") and Garda World to a single claim under 42 U.S.C. § 1983. ECF No. 11 at 3–4. On July 17, 2026, NXP filed a motion to dismiss the § 1983 claim raised against it. ECF No. 19. On July 24, 2026, NXP and Plaintiff filed a stipulation to stay initial disclosures and discovery as to NXP pending the Court's ruling on

United States District Court
Northern District of California

NXP's motion to dismiss. ECF No. 22 at 3. The Court granted the stipulation on July 27, 2026. ECF No. 23.

On August 20, 2026, Garda World filed a Rule 12(b)(6) motion to dismiss the 42 U.S.C. § 1983 claim raised against it, which is set for hearing on January 14, 2027. ECF No. 26 ("MTD"). Like NXP, Garda World asked "Plaintiff to stipulate to a stay of Rule 26(a)(1) disclosures and discovery pending resolution" of its MTD. MTS at 13. Plaintiff refused to stipulate, prompting Garda World to file the instant motion. *Id.* at 14. Plaintiff opposes the motion. *See* MTS Opp.

## II. LEGAL STANDARD

A district court "may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," including by staying discovery. Fed. R. Civ. P. 26(c)(1); *see, e.g., Tavantzis v. Am. Airlines, Inc.*, No. 23-cv-05607-BLF, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 20-cv-00363, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020). A district court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts in this district apply a two-part test to determine whether to stay discovery pending resolution of a dispositive motion. First, the Court must determine whether the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Reveal Chat*, 2020 WL 2843369, at *2 (citation omitted). Second, "the court must determine whether the pending motion can be decided absent additional discovery." *Id.* at *2 (citation omitted). In applying this test, "the court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted." *Id.* (citation omitted). "Under the liberal discovery principles of the Federal Rules," the party seeking a discovery stay is "required to carry a heavy burden of showing why discovery [should be] denied." *Blankenship v. Heart Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## III. DISCUSSION

Garda World argues that "[g]ood cause exists to stay discovery" because its MTD is a "potentially dispositive motion that may eliminate [it] from the case entirely." MTS at 3–4. Specifically, Garda World asserts that its MTD "challenges whether Plaintiff has adequately alleged

state action, joint action, causation, and a basis for liability under 42 U.S.C. § 1983." *Id.* at 5; *see also* ECF No. 38 at 2 ("MTS Reply"). Garda World contends that these arguments "raise[] threshold legal issues that can be resolved on the pleadings without discovery." MTS at 5. Garda World further maintains that the facts Plaintiff "considers important are already known to him and already before the Court," thereby making additional discovery unnecessary to resolve the MTD. MTS Reply at 2.

In opposition, Plaintiff argues that Garda World "holds the call recording metadata, the 'paper' read on the 911 line, the BOLO, the site roster, and the address used to send officers to" his residence. MTS Opp at 2. Plaintiff argues that these documents are necessary to "test the very theory of" Garda World's MTD. *Id.* at 2. Plaintiff also argues that granting Garda World's motion to stay would be prejudicial because it would cause undue delay and fail to preserve evidentiary documents that are in Garda World's possession. *Id.* at 3.

On the first prong of the applicable test, the Court finds that the MTD is potentially dispositive. Garda World's MTD challenges the "sole claim asserted against it," the § 1983 claim. MTS at 3. Therefore, if Garda World succeeds on its MTD, it will be dismissed from this action, making discovery unnecessary. MTS at 6. Having taken a "preliminary peek" at the MTD, the Court concludes that Gara World's motion may prevail.

On the second prong, the Court finds that the motion to stay may be decided without additional discovery. When assessing a MTD under Rule 12(b)(6), the Court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). Plaintiff's First Amended Complaint contains several factual allegations regarding Garda World's communication with the San Jose Police Department. ECF No. 11 at 2. Additionally, Plaintiff's opposition to Garda World's motion to stay references specific details from the 911 recording, the officers' body camera, the lot recording, and the recording from Plaintiff's then-residence. MTS Opp at 2. These references support Garda World's contention that the facts Plaintiff "considers important are already known to him." MTS Reply at 2. Having reviewed the pleadings and taken a "preliminary peek" at the pending MTD, the Court finds that there are sufficient factual allegations to thoroughly assess

whether Plaintiff "state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, additional discovery is not needed for the Court to rule on the MTD.

Finally, the Court finds that granting the motion to stay will not prejudice Plaintiff. The hearing on Garda World's MTD is scheduled for January 14, 2027. ECF No. 30. Plaintiff has not identified any specific prejudice he would experience from a four-month delay in discovery. Additionally, as Garda World notes, granting the motion to stay would not excuse it or "any party from preserving potentially relevant evidence." MTS Reply at 4.

The Court concludes that Garda World has carried its heavy burden to show good cause for the requested discovery stay.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

Garda World's motion to stay initial disclosures and discovery pending resolution of its motion to dismiss is GRANTED. The case management conference set for September 24, 2026, is continued to February 18, 2027, at 11:00 a.m. via videoconference. The Court notes that discovery is stayed as to NXP and Garda World and other parties remain unserved.

**IT IS SO ORDERED.**

Dated: September 22, 2026

BETH LABSON FREEMAN
United States District Judge