United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MAKIYAH LUMONT KIYOI,

Plaintiff,

v.

NXP SEMICONDUCTORS, et al.,

Defendants.

Case No. 26-cv-03655-BLF

**ORDER GRANTING NXP'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

[Re: ECF No. 19]

Before the Court is Defendant NXP Semiconductors' (NXP's) Motion to Dismiss. ECF No. 19 ("MTD"). Plaintiff Makiyah Lumont Kiyoi, who is proceeding pro se, has not filed an opposition or response to the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for submission without oral argument and hereby VACATES the motion hearing set for December 3, 2026. For the reasons set forth below, the Court hereby GRANTS NXP's motion and DISMISSES Defendant NXP from this matter.

## I. BACKGROUND

On March 7, 2025, NXP and Garda World Security Services of California, Inc.'s ("Garda World") security personnel allegedly called 911 to report an act of vandalism at NXP's facility. ECF No. 11 ("FAC") at ¶¶ 9, 19. Mr. Kiyoi alleges that Garda World personnel "identified Plaintiff as the suspect," and provided law enforcement officers with his name, birthdate, physical description, and residential address. *Id.* ¶¶ 20–21. In response to this information, the responding officers, Defendants Officer Montez and Officer Reed, proceeded to Mr. Kiyoi's residence and allegedly entered his bedroom without a warrant. *Id.* ¶ 14.

Mr. Kiyoi initiated this lawsuit on April 28, 2026, bringing six claims, including a 42 U.S.C. § 1983 claim against NXP and Garda World for violation of his Fourth Amendment rights

United States District Court
Northern District of California

due to illegal detention, arrest, search, and seizure. ECF No. 1 at 1, 4. On May 18, 2026, the Court issued an order granting Mr. Kiyoi's motion to proceed *in forma pauperis*, screening his complaint, and dismissing his complaint in part with leave to amend. ECF No. 10. In the order, the Court dismissed the § 1983 claim against NXP and Garda World, finding that Mr. Kiyoi had not plausibly alleged that either of these private companies "acted under color of state law with respect to the underlying alleged constitutional violation." *Id.* at 5.

On May 26, 2026, Mr. Kiyoi filed the operative First Amended Complaint ("FAC"), once again alleging that NXP and Garda World violated his Fourth Amendment rights. FAC ¶ 18 (citing 42 U.S.C. § 1983). The FAC asserts that NXP "maintained policies, practices, or customs of delegating significant security and law enforcement coordination functions to Garda World and of involving the San Jose Police Department." *Id.* at ¶ 26. It further alleges that "[t]hese polices and practices were a moving force behind the constitutional violations suffered by" Mr. Kiyoi. *Id.* at ¶ 17.

On July 17, 2026, NXP filed the instant motion to dismiss the 42 U.S.C. § 1983 claim raised against it, arguing that "the FAC alleges no facts showing that NXP acted under color of state law." MTD 2. Because this is the sole claims asserted against NXP, it also moves for dismissal from this action. *Id.* Mr. Kiyoi did not file a response or opposition to this motion.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Where a plaintiff proceeds pro se, the court "must 'construe the pleadings liberally' and afford the [plaintiff] 'the benefit of any doubt.'" *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir.

2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Id.*

In deciding whether to grant leave to amend, the Court considers the factors set forth in *Foman v. Davis*: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment." 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

To state a 42 U.S.C. § 1983 claim, a plaintiff must plausibly allege (1) a "violation of a right secured by the Constitution and laws of the United States," and (2) "that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[P]rivate parties are not generally acting under color of state law," *Price v. State of Haw.*, 939 F.2d 702, 707–08 (9th Cir. 2011), but "a § 1983 action can lie against a private party" where it engaged in "joint action with the State." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (citation omitted). This joint action test is satisfied where "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (citation omitted). Plaintiffs can meet this requirement either "by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents." *Id* (citation and internal quotations omitted). The Ninth Circuit "require[s] a substantial degree of cooperation" with state officials before imposing liability on a private party under § 1983. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).

Here, Plaintiff has not plausibly alleged that NXP participated in joint action with state officials. The Complaint alleges that "NXP Semiconductors maintained a policy, practice, or custom of delegating significant security and law enforcement coordination functions to its contracted security provider, Garda World" and that these "policies and practices were a moving force behind the constitutional violations suffered by Plaintiff." FAC ¶ 17; *see also id.* at ¶ 26

(asserting that NXP's "policies and practices gave Garda World substantial discretion to direct police attention and resources, which foreseeably resulted in constitutional violations, including the violation suffered by Plaintiff"). A policy that allows contracted security personnel to contact and provide information to law enforcement officials does not establish the "substantial degree of cooperation" necessary to prove joint action. *Franklin*, 312 F.3d at 445; *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) ("To prove a conspiracy between the state and private parties under section 1983, the [plaintiff] must show an agreement or 'meeting of the minds' to violate constitutional rights." (internal quotations omitted)). Mr. Kiyoi's assertion that "NXP . . . security personnel specifically identified Plaintiff by name" and provided his personal details to law enforcement is also insufficient to plausibly allege joint action. FAC ¶ 10; *see Manda v. Albin*, No. 19-cv-01947, 2019 WL 6311380, at *11 (N.D. Cal. Nov. 25, 2019) ("[T]he mere furnishing of information to police officers does not constitute a conspiracy or 'joint action' under color of state law.").

Although the Court recognizes that Plaintiff is proceeding pro se and is thus entitled to a liberal interpretation of the pleadings, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

The Court's May 18, 2026, order dismissed Mr. Kiyoi's initial § 1983 claim against NXP because "the complaint [was] utterly devoid of any factual allegations plausibly suggesting that [] NXP . . . acted under color of state law with respect to the underlying alleged constitutional violation." ECF No. 10 at 5. Although Mr. Kiyoi's amended § 1983 claim satisfied the "minimal standard necessary to survive screening," ECF No. 13 at 2, upon consideration of Defendants' arguments, the Court finds that the FAC has not fully resolved this deficiency. Moreover, Mr. Kiyoi has not provided any response or opposition identifying additional facts that he could allege to plausibly establish a § 1983 violation. For these reasons, the Court GRANTS NXP's motion to dismiss without leave to amend.

## IV. ORDER

The Court hereby GRANTS NXP Semiconductors' motion to dismiss the 42 U.S.C. § 1983 Fourth Amendment claim as to NXP. As this is the only claim raised against it, NXP is hereby DISMISSED from this matter.

**IT IS SO ORDERED.**

Dated: November 24, 2026

BETH LABSON FREEMAN
United States District Judge